56 CCPA

**Application of Wilbur J. MULLIKIN.**

**Patent Appeal No. 8112.**

United States Court of Customs
and Patent Appeals.

Feb. 27, 1969.

Hurvitz & Rose, Washington, D. C., (Hyman Hurvitz, Washington, D. C., of counsel) for appellant.

Joseph Schimmel, Washington, D. C. (Lutrelle F. Parker, Washington, D. C. of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, ALMOND and BALDWIN, Judges.

BALDWIN, Judge.

This appeal is from the Patent Office Board of Appeals decision affirming the examiner's rejection of claims 46, 47, 50 and 51 of appellant's application[1] under 35 U.S.C. § 103. Claims 52 through 55 have been indicated by the examiner as allowable in substance.

## THE INVENTION

Appellant's invention provides an apparatus for restoring the heartbeat of persons whose hearts have stopped. Appellant acknowledges that it has long been known that a heartbeat may be restored by *manual* application of pressure to a patient's breastbone, followed by release of the pressure, at a cyclical rate approximately equal to a normal heartbeat. Appellant's apparatus provides the necessary effort *by mechanical means* with regularity of timing and correct range of breastbone movement.

Briefly summarized, the structure of one preferred embodiment comprises a downwardly facing U-shaped frame adapted to be disposed about and above the upwardly facing chest of a prone patient. The lower ends of the frame are releasably secured to a suitable flat reaction surface underlying the patient's back. A horizontal crosspiece of the frame supports a unidirectional constant speed electric motor which, through a track and follower linkage, imparts a linear reciprocating motion to a vertical tube having a resilient pressure pad at its lower end adapted to contact and overlie the patient's chest above the breastbone. Rotation of the electric motor causes vertical reciprocation of the pressure pad through a uniform stroke of approximately 1″ at a uniform rate approximately equal to a normal heartbeat.

Claim 46, which is reproduced as follows, is typical of the claims on appeal; and the patentability of it is determinative of all issues in, this appeal.

46. Apparatus for reactivating the heart of a human patient following cessation of heart beat, comprising a support underlying the back of said patient inclusive of the cardiac region, a resilient pressure applicator including a rigid plate and a resilient pres-

---

1. Serial No. 47,717, filed August 5, 1960, for "Apparatus to Restore Heartbeat."

sure pad secured to the underside of said rigid plate, said plate and pressure pad having an area only sufficient to substantially cover the human breastbone, means for positioning said pressure pad in position exteriorly of the body of the patient and substantially over the breastbone of the patient and in contact with the body of the patient, said means including a reciprocable substantially vertical shaft having said pressure applicator secured to its lower end, adjustable means for locating and maintaining said shaft and said applicator in position with said pressure pad in contact with said patient and directly overlying said breastbone, power means imparting rhythmical downward followed by upward motions to said shaft at a rate approximately equal to the normal rate of heart beat and with strokes and pressures sufficient to compress said breastbone only to the minimum extent required to effect perfusion in the heart followed by substantially complete releases of said breastbone from the pressure of said pad, and means providing a force reaction between said pad and said support, whereby the breastbone may be depressed repetitively by the same amount over a long time period while said back is retained substantially immovable with respect to the lowermost position of said pad during said rhythmical motions of said shaft.

## THE REFERENCES

Kouwenhoven[2] describes a *manual* method of restoring a failed heartbeat, which is generally similar to that discussed earlier in this opinion.

Walker[3] discloses an apparatus for resuscitating drowned persons which includes a downwardly facing U-shaped frame disposed about and above the chest of a prone patient lying on a flat reaction surface. A mechanically driven vertical shaft movably connected with the frame has a "vacuum or breast cup" at its lower end which is placed on the chest of the patient. Vertical reciprocation of the shaft causes corresponding vertical reciprocation of the breast cup contacting the patient's chest. Other additional mechanism not relevant here further assists in collapsing and expanding the patient's lungs to restore natural breathing.

Johnson[4] discloses another mechanical respirator having a frame for overlying a prone patient together with a vertical shaft reciprocated by a mechanism including a cam and spring system. Chest engaging members at the lower end of the shaft contact the patient's chest. The chest engaging members of Johnson are, however, spaced laterally to contact the lung portions on either side of the breastbone, unlike the central contact of appellant's device necessary to reciprocate the breastbone.

## THE REJECTION

Claims 46 and 47 are rejected as unpatentable over Walker in view of Kouwenhoven or, in the alternative, Kouwenhoven in view of Walker under 35 U.S.C. § 103. The examiner held that the operation of the Walker machine at the normal heart-beat rate would be obvious in view of Kouwenhoven; or, alternatively, the carrying out of Kouwenhoven's method with Walker's machine would be obvious. Claims 50 and 51, which further recite a cam with a spring means, are rejected for the same reasons as stated in the rejection of claim 46, further in view of Johnson.

With regard to the claims on appeal, the board affirmed the rejection, stating:

> While claims 46, 47, 50 and 51 present increments of a mechanical na-

2. Kouwenhoven, W. B., Jude, James R., and Knickerbocker, G. Guy, "Closed Chest Cardiac Massage," J.A.M.A., 173(10): 1064–67, July 9, 1960.

3. U.S. Patent 587,891, issued August 10, 1897.

4. U.S. Patent 1,918,546, issued July 18, 1933.

ture in their "apparatus" recitations the substance of such apparatus is so general as to amount to no more than an obvious adaption of the old structures of Walker or Johnson to heart massage rather than resuscitation. The change in use is guided by the requirements as to timing of the two treatments and does not appear to us to involve any apparatus changes within the scope of the mechanisms recited by these claims. The timing and use changes urged by appellant, particularly in the reply brief, as rendering the machines of distinctive character are not seen by us as creative of any "apparatus" novelty. * * *

## OPINION

On appeal here, appellant concedes the change in timing of the apparatus of the references from a respiratory to a pulse rate would be obvious but argues the following claimed apparatus changes would not be:

(1) use of a resilient pressure pad under a rigid plate,

(2) the specified area of the pressure pad as "*only* sufficient to substantially cover the human breastbone",

(3) the contact of the pad with the breastbone and *directly* overlying the breastbone,

(4) use of strokes "sufficient to compress said breastbone *only* to the minimum extent necessary to effect perfusion in the heart followed by substantially *complete releases* of said breastbone from the pressure of said pad" * * * and "means for locating and *maintaining* said pressure pad * * * in *contact* with said patient and directly *overlying* said breastbone".

On this matter we disagree with appellant. Kouwenhoven makes the following description of how pressure is to be applied to the patient's breastbone:

Fig 2.—Position of hands during massage of adult.

The method of application is shown in figure 2. With the patient in a supine position, preferably on a rigid support, the heel of one hand with the other on top of it is placed on the sternum just cephalad to the xiphoid. Firm pressure is applied vertically downward about 60 times per minute. At the end of each pressure stroke the hands are lifted slightly to permit full expansion of the chest. The operator should be so positioned that he can use his body weight in applying the pressure. Sufficient pressure should be used to move the sternum 3 or 4 cm. toward the vertebral column.

It appears to us that the apparatus features stressed above by appellant are no more than the obvious mechanical

expedients necessary to ensure that the contact provided against the patient's chest by the reciprocating power shaft corresponds generally in location and physical characteristics with the heel of the human hand set forth in Kouwenhoven.

The decision of the board is affirmed.

AFFIRMED.

WORLEY, C. J., took no part in the decision of this case.